FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 12, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WALL STREET APARTMENTS, LLC, and ALAA ELKHARWILY,<br><br>                     Plaintiffs,<br><br>  v.<br><br>CITY OF SPOKANE, LUIS GARCIA, DERMOTT MURPHY, LANCE DAHL, BRIAN SCHAEFFER, NATHAN MULKEY, and JASON RUFFING,<br><br>                     Defendants. | NO: 2:23-CV-0262-TOR<br><br>ORDER DENYING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER |

BEFORE THE COURT is Plaintiffs' Motion for Temporary Restraining Order and Request for Expedited Hearing. ECF No. 2. This matter was submitted for consideration without oral argument. The Court has reviewed the briefing and the record and files herein and is fully informed.

BACKGROUND

Plaintiffs filed a complaint yesterday alleging: Count 1, Violations of Due Process; Count 2, Violation of Equal Protection; and Count 3, Violation of the

ORDER DENYING MOTION FOR TRO ~ 1

Americans with Disabilities Act. ECF No. 1. Plaintiffs seek declaratory relief, injunctive relief, and damages. *Id*. Plaintiffs filed an immediate motion for a temporary restraining order to prevent the Defendants' August 31, 2023, Notice of Summary Hearing requiring the apartment building at 225 South Wall Street be vacated by September 12, 2023, at 10:00 a.m., because of ongoing substandard conditions and life-safety violations on the property. ECF No. 1-2.

Plaintiff Alaa Elkharwily filed a statement that he e-mailed the Defendants "regarding the emergency motion for temporary restraining order." ECF No. 3. Teresa Simon also indicates that she e-mailed Defendants and their assistants and "had to leave copies with the city clerk". *Id*. No Defendant has appeared in this action yet.

DISCUSSION

A temporary restraining order (TRO), "like a preliminary injunction, is 'an extraordinary remedy never awarded as of right.'" *M.R. v. Dreyfus*, 735 F.3d 1058, 1059 (9th Cir. 2011) (quoting *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 24 (2008)). To prevail on their motion for a TRO, Plaintiffs must demonstrate (1) a likelihood of success on the merits, (2) a likelihood of irreparable injury if the injunction does not issue, (3) that a balancing of the hardships weighs in their favor; and (4) that a preliminary injunction will advance the public interest. *Winter*, 555 U.S. at 20 (citations omitted). To demonstrate that they are entitled to

ORDER DENYING MOTION FOR TRO ~ 2

a TRO, Plaintiffs must satisfy each element.  In evaluating the elements of a preliminary injunction, "a stronger showing of one element may offset a weaker showing of another."  *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011); *Farris v. Seabrook*, 677 F.3d 858, 864 (9th Cir. 2012) ("We have also articulated an alternate formulation of the *Winter* test, under which serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." (internal quotation marks omitted)).

    A. <u>Likelihood of Success on the Merits</u>

Plaintiffs must show that there are at least "serious questions going to the merits" of their claims.  *Cottrell*, 632 F.3d at 1135.  They must also show that they are likely to succeed on those questions of merit.  *Farris*, 677 F.3d at 865.

Plaintiffs assert their Constitutional rights are being violated as well as the ADA statute.  According to the paperwork on file, this dispute has been ongoing since at least September of 2022 with multiple hearings.  Plaintiffs have not established a likelihood of success on their due process and equal protection claims.  Nor do they show a likelihood of success on their ADA claim.

    B. <u>Likelihood of Irreparable Injury</u>

Plaintiffs seeking preliminary injunctive relief must "demonstrate that

ORDER DENYING MOTION FOR TRO ~ 3

irreparable injury is *likely* in the absence of an injunction." *Winter*, 555 U.S. at 22 (emphasis in original). "Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with [the Supreme Court's] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* Put another way, Plaintiffs must show that they will likely suffer a substantial harm from the alleged wrongful conduct.

While Plaintiffs have alleged substantial harm, the eviction notice was issued to protect life and property of the tenants in the apartment building. Because life is more important than monetary damages, Plaintiffs have not shown "irreparable injury."

### C. Balancing of the Hardships

"In each case, courts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter*, 555 U.S. at 24 (internal quotation marks and citation omitted). While the Court recognizes the imminent irreparable nature of losing one's residence, the Court also recognizes the danger that substandard conditions and life-safety violations present in a multi-tenant apartment building. Defendants have not been properly served nor have they appeared to defend their actions.

ORDER DENYING MOTION FOR TRO ~ 4

The Court concludes that the balance of hardships tips in favor of denying Plaintiffs' motion at this time.

D. <u>Advancement of the Public Interest</u>

"In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." *Winter*, 555 U.S. at 24 (quoting *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982)). Plaintiffs contend that a TRO would serve the public interest by providing housing for low-income individuals.

On the record before the Court, the Court concludes that denying Plaintiffs' request for a TRO advances the public interest in safety and security.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiffs' Motion for Temporary Restraining Order, ECF No. 2, is **DENIED without prejudice**.

2. Plaintiffs' Request to Expedite, ECF No. 2, is **GRANTED**.

The District Court Executive is hereby directed to enter this Order and furnish copies to the parties.

DATED September 12, 2023.



THOMAS O. RICE
United States District Judge

ORDER DENYING MOTION FOR TRO ~ 5