FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 12, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ALAA ELKHARWILY,<br><br>  Plaintiff,<br><br>v.<br><br>CITY OF SPOKANE, LUIS GARCIA, DERMOTT MURPHY, LANCE DAHL, BRIAN SCHAEFFER, NATHAN MULKEY, JASON RUFFING, FRANK SANDAL, and BRETT PHEBUS,<br><br>  Defendants. | NO. 2:23-CV-0262-TOR<br><br>ORDER DENYING MOTION TO STAY OR EXTEND DEADLINES AND RECONSIDERATION |

BEFORE THE COURT are Plaintiff Alaa Elkharwily's Motion to Stay or Extend Trial Schedule Due to Mental Incapacity (ECF No. 67), Motion to Extend or Stay Trial Schedule Pending Resolution of Related Appellate (ECF No. 68), Motion to Expedite (ECF No. 69), Motion for Reconsideration (ECF No. 91), and Motion to Expedite (ECF No. 92). These matters were submitted for consideration

ORDER DENYING MOTION TO STAY OR EXTEND DEADLINES AND RECONSIDERATION ~ 1

without oral argument. The Court has reviewed the record and files herein, the completed briefing, and is fully informed.

## DISCUSSION

**A. Motion to Stay or Extend Deadlines**

Plaintiff, Alaa Elkharwily, proceeding as *pro se*, requests a stay of the proceedings or in the alternative an extension of deadlines both due to his mental incapacity and to permit the resolution of pending appeals and litigation in three other cases. Defendants oppose any stay of proceedings or deadline extensions. ECF Nos. 81, 82.

  1. *Mental Incapacity*

Plaintiff requests a stay of proceedings or an extension of 60 to 90 days to allow him to secure competent legal counsel. ECF No. 67 at 3. Plaintiff explains that due to his medical conditions he is unable to effectively represent himself. He also asserts that he has been diligent in his efforts to obtain local counsel but has been unable to due to external conflicts of interest. *Id.* at 6. As support, Plaintiff provides two medical notes from two doctors and lists several firms he was unable to engage due to conflicts of interest. *Id.* at 6, 10, 12.

A scheduling order may be modified for good cause shown pursuant to the Federal Rule of Civil Procedure 16(a)(4). Good cause generally requires a showing that the party seeking the modification was due diligent. *Johnson v.*

*Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). A district court has "broad discretion" to alter the schedule. *United States v. Flynt*, 756 F.2d 1352, 1358 (9th Cir. 1985). Similarly, pursuant to Federal Rule of Civil Procedure 6(b), the Court may extend the timeline for motion papers for good cause shown.

The Court does not find good cause here and is not persuaded by hearsay medical notes and unsworn statements of due diligence. Plaintiff has been on notice since October of his need to locate local counsel or otherwise have his then pro hac vice counsel, Richard T. Wylie ("Wylie"), disqualified (ECF No. 37). Wylie was subsequently disqualified on February 10, 2025 (ECF No. 60) for failing to locate local counsel. It is now March and Plaintiff still claims he has been unable to locate counsel despite due diligence. The Court disagrees and finds no good cause has been shown to stay the proceedings or extend motion deadlines. Moreover, Plaintiff's claim that his participation in the legal proceedings of this case is significantly impeded by his medical conditions is contradicted by his very active participation in both this litigation and litigation in the Western District of Washington of which Plaintiff is also a party to. ECF No. 82-2. Finally, Plaintiff's assertion that Defendants are amenable to a stay appears to be false. ECF No. 82-1. Therefore, Plaintiff's Motion to Stay or Extend (ECF No.67) is **denied**.

ORDER DENYING MOTION TO STAY OR EXTEND DEADLINES AND RECONSIDERATION ~ 3

*2. Pending Appellate Proceedings*

Plaintiff also moves to stay the proceedings of this case or in the alternative extend deadlines pending the resolution of three other proceedings not before the Court. ECF No. 68. Plaintiff explains the first is an appeal of the receivership's appointment before the State Appellate Court in Division III, the second is an appeal before the Ninth Circuit concerning the remand of the receivership court, and the last is a declaratory judgment action before the Western District of Washington. *Id.* at 4-5. Plaintiff has not provided any case information or briefing schedule for the first two proceedings, nor does the Court find good cause to stay this proceeding pending the declaratory judgment case in the Western District of Washington. The Court is not convinced that a stay in proceedings will promote judicial efficiency and prevent unnecessary litigation, particularly where Defendants have provided evidence of Plaintiff's repeated lack of candor to the Court. Plaintiff's Motion to Extend or Stay Trial Schedule (ECF No. 68) is **denied**.

**B. Motion for Reconsideration**

Plaintiff requests the Court reconsider/correct its order dismissing Wall Street Apartments, LLC ("WSA") (ECF No. 91). Plaintiff points out that he did respond to Defendants' motion to dismiss WSA contrary to the Court stating otherwise. The Court notes Plaintiff did respond (ECF No. 88) but that the

ORDER DENYING MOTION TO STAY OR EXTEND DEADLINES AND RECONSIDERATION ~ 4

response was a not in opposition to Defendants' motion. Additionally, Plaintiff nor anyone else other than the appointed Receiver by and through his attorneys has authority to represent WSA in any litigation matter. ECF No. 43-1. Therefore, the Court's error was harmless. Plaintiff's Motion for Reconsideration/Correction (ECF No. 91) is **denied**.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff Elkharwily's Motion to Expedite (ECF No. 69) is **GRANTED**.
2. Plaintiff Elkharwily's Motion to Stay or Extend Trial Schedule Due to Mental Incapacity (ECF No. 67) is **DENIED**.
3. Plaintiff Elkharwily's Motion to Extend or Stay Trial Schedule Pending Resolution of Related Appellate (ECF No. 68) is **DENIED**.
4. Plaintiff Elkharwily's Motion to Expedite (ECF No. 92) is **GRANTED**.
5. Plaintiff Elkharwily's Motion for Reconsideration (ECF No. 91) is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

DATED March 12, 2025.



THOMAS O. RICE
United States District Judge

ORDER DENYING MOTION TO STAY OR EXTEND DEADLINES AND RECONSIDERATION ~ 5